# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VERNICE CHARLES,<br><br>    Plaintiff,<br><br>v.<br><br>ISDEL RUIZ SURI, et al.,<br><br>    Defendants. | Case No. 2:21-cv-01712-JCM-NJK<br><br>**Order** |

On October 22, 2021, the Court ordered Plaintiff's counsel, Adrian Karimi, to show cause in writing why the Court should not issue sanctions against him for failing to comply with the Court's order and failing to participate in the creation and submission of a joint proposed discovery plan. Docket No. 25. On October 26, 2021, after Mr. Karimi's initial response, Docket No. 27, the Court ordered Mr. Karimi to supplement his response to the prior order, specifically addressing any actions he took following the Court's order on October 15, 2021, to comply with the Court's order. Docket No. 28.

Court orders are not suggestions, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). Simply ignoring an order is not appropriate. The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Those same requirements apply to the creation and submission of a joint proposed

discovery plan. *See, e.g.*, Local Rule 26-1(a).  Parties are expected to comply with the Local Rules and cooperate with one another to create and submit a joint proposed discovery plan.

The Court has now given Mr. Karimi two opportunities to explain his lack of cooperation with and lack of civility towards Intervenor's counsel. Despite being provided ample opportunity to do so, Mr. Karimi has failed to demonstrate that his conduct was acceptable or warranted.  Mr. Karimi submits that he attempted to call Intervenor's counsel and sent a handful of follow-up emails following the Court's order on October 15, 202. Docket No. 29 at 3-4.  However, a closer examination of the emails cited show that Mr. Karimi primarily discussed another discovery dispute between the parties. *Id.* at 12-28.  In fact, Mr. Karimi did not attempt to comply with the Court's order until October 22, 2021, a day after the deadline to file the parties' joint proposed discovery plan. *Id.* at 29-30.  These attempts only came after the Court issued a scheduling order for discovery in this matter.  *See* Docket No. 24.  Despite being given ample opportunity, the Court finds that Mr. Karimi has failed to demonstrate that he complied with the Court's order and Local Rules.

The Court also expresses concern at the tone that Mr. Karimi displays in his correspondence with Intervenor's counsel.  The Federal Rules of Civil Procedure were amended to highlight the need for attorneys to work cooperatively and to employ common sense practicality so that cases can be resolved fairly and expeditiously.  *See, e.g.*, Fed. R. Civ. P. 1, 26(b).  These amendments are an attempt to lessen the scorched earth tactics that plague modern civil litigation. *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).  "Obstructive refusal to make reasonable accommodation… not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v.* Farrell, 14 F.3d 1338, 1344 (9th Cir. 1994).  The Court cautions the parties' counsel to be more civil with one another in future communications.

Although the Court would be well within its discretion to impose monetary sanctions for this behavior, the Court will not impose monetary sanctions at this time.  Instead, Plaintiff's counsel is hereby **ADMONISHED** for his behavior in this case. Mr. Karimi is also **CAUTIONED** that similar misconduct may in the future subject him to sanctions. *See, e.g.*, Local Rule IA 1-

3(f)(4) ("In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement"). Mr. Karimi should expect that any similar conduct in the future will lead to the imposition of sanctions.

      IT IS SO ORDERED.

      Dated: November 9, 2021

                                                                                            _____
                                                                                            Nancy J. Koppe
                                                                                           United States Magistrate Judge