UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERNICE CHARLES,<br>    Plaintiff,<br>v.<br>ISDEL RUIZ SURI, et al.,<br>    Defendants. | Case No. 2:21-cv-01712-JCM-NJK<br>**Order**<br>[Docket Nos. 30, 33] |

Pending before the Court are two motions relating to discovery disputes in this action: Intervenor Allstate's motion for a protective order, Docket No. 30, and Intervenor's motion to compel responses to its first set of interrogatories, Docket No. 33. The Court has considered the motions, responses, and replies. Docket Nos. 30, 33, 36, 37, 40, 41. These matters are properly resolved without a hearing. Local Rule 78-1.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court's initial inquiry regarding either a motion to compel or a motion for a protective order is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 26(c)(1) requires that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer" with the opposing party to attempt resolution of the issue without Court intervention. The same meet and confer requirement is imposed for motions to compel. *See* Fed. R. Civ. P. 37(a)(1). Similarly, the Local Rules provide that discovery motions will not be considered unless the movant has "made a good-faith effort to meet and confer…." Local Rule 26-6(c).

Judges in this District have held that these rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc.*

1

*v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Litigation in general and discovery in particular are subject to an overriding requirement that counsel acts in good faith. *See, e.g.*, *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). The guiding principles of navigating the discovery process are not obstruction and contentiousness, but rather they are cooperation, practicality, and sensibility. *See, e.g., Cardoza*, 141 F.Supp.3d at 1145. "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *8 (D. Nev. Aug. 1, 2013) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). These obligations are reflected in the Federal Rules governing discovery, the Local Rules, and in the oath all attorneys take upon becoming a barred attorney in this state. *Cardinali v. Plusfour Inc.*, 2019 WL 3456630, at *11 (D. Nev. June 20, 2019). The Court again reminds the parties that "[o]bstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994).

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-6(c), Local Rule IA 1-3(f).

From the briefing and certifications provided to this Court, it is clear that neither party has made a good faith effort to meet and confer on either of these matters. Collectively, the parties submitted 408 pages of briefing on these two matters filled largely with uncivil communications between both sides. The correspondence submitted by both sides in support of their filings shows a lack of cooperation and no real good faith effort made by either side. *See, e.g.,* Docket Nos. 30-4 at 20-21, 33-3 at 11-13. Moreover, the parties' filings are filled with personal attacks on opposing counsel and accusations of misrepresentations. *See, e.g.,* Docket Nos. 36 at 9-10, 41 at 4-8. Zealous advocacy does not require the contentiousness displayed on both sides.

This Court is well aware that some discovery disputes cannot be resolved without Court intervention. Nonetheless, the Court expects opposing counsel to take Court orders seriously and to interact with one another in a professional and civil manner. The Court urges counsel to pause, take a breath, and try to reset their relationship. The Court declines to consider the underlying discovery disputes without a proper meet and confer in which the parties civilly discuss the underlying disputes and attempt to resolve the matters professionally. Local Rule 26-6(c). The Court hereby **ORDERS** Mr. Karimi and Mr. Clark to meet personally (*i.e.*, in a face-to-face meeting) to discuss their disputes regarding Mr. Daly's deposition and Intervenor's first set of interrogatories. Unless counsel agree to another time, this in-person meeting shall take place no later than November 23, 2021. During this meeting, counsel must engage in a meaningful discussion of their positions. **Failure to comply with this order may result in the imposition of sanctions.**

In light of the above, Intervenor's motion for a protective order, Docket No. 30, and motion to compel, Docket No. 33, are **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: November 15, 2021

_____
Nancy J. Koppe
United States Magistrate Judge