UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERNICE CHARLES,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>ISDEL RUIZ SURI, et al.,<br><br>　　　　　　　Defendant(s).<br>―――――――――――――――<br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　　　　Intervenor. | Case No. 2:21-CV-1712 JCM (NJK)<br><br>ORDER |

　　　　Presently before the court is plaintiff Vernice Charles's ("Charles") motion to remand this matter. (ECF No. 9). Intervenor Allstate Insurance Company ("Allstate") filed a response (ECF No. 15), to which Charles replied (ECF No. 18).

**I.　　Background**

　　　　This personal injury matter arises from a car crash (the "incident") where Charles sustained injuries from a collision with a vehicle operated by defendant Isdel Ruiz Suri ("Suri"). Charles originally filed action against Suri and the owner of Suri's vehicle, Enterprise Leasing Company, in the Eighth Judicial District Court in Clark County, Nevada, on August 3, 2021. (*See* ECF No. 1). Allstate Insurance moved to intervene on that same day and, after the state court granted its motion, removed this matter to this court on September 16, 2021. (*Id.*).

　　　　Charles now moves to remand this matter back to state court on the ground that this court lacks subject matter jurisdiction.

. . .

**James C. Mahan**
**U.S. District Judge**

## II.  Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).  Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove."  *Id.* at 1251.

A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. § 1447(c).  On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## III.  Discussion

Charles's complaint alleges that defendant Suri was at the time of the incident and still is a resident of Nevada.  (ECF No. 1).  Nevertheless, Allstate removed this matter on the basis of diversity jurisdiction, alleging that Suri is a resident of Florida.  (ECF No. 4 at 2).  Thus, the parties' dispute over remand concerns Suri's citizenship.

For purposes of diversity jurisdiction, the court looks to an individual's citizenship at the time the lawsuit was filed.  *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  A person is a citizen of the state in which they are domiciled; a person is domiciled where they reside with the

intention to remain indefinitely, or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Charles argues that this court lacks subject matter jurisdiction because both Charles and Suri are citizens of Nevada. Along with his complaint, Charles provides the police report created for the incident which shows that Suri was driving with a Nevada driver's license listing a Nevada address. (ECF No. 9-1 at 4).

Allstate argues[1] that even if Suri was domiciled in Nevada at the time of the incident in 2019, Suri was a resident of Florida when Charles first filed his action in August of 2021. (ECF No. 15 at 3). Allstate provides evidence that Suri was served in a related matter at a Florida address in July of 2020 (ECF No. 15-1 at 2), that in October of 2020, Suri claimed in an interrogatory that his then current address was that same Florida address (ECF No. 15-1 at 6), and that in October of 2021, Suri's counsel, Ty Maynarich, indicated in an email to Allstate's counsel that Suri remained in Florida (ECF No. 15-1 at 14).[2]

Despite Allstate's evidence, there remains ambiguity as to whether Suri was domiciled in Nevada or Florida at the time Charles filed this action. Though Suri's acceptance of service in Florida shows that he lives in Florida, Suri's residing in Florida does not alone domicile him there. *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

Similarly, Allstate's reliance on information from Suri's counsel does not remove the ambiguity of Suri's domicile. In emailing Allstate's counsel, Suri's counsel declined to commit to Suri's domicile, but instead referred to Suri's interrogatory in another matter and informed Allstate that "based on information and belief [Suri] is still a resident of Florida." (ECF No. 15-1 at 14). While the interrogatory referred to does provide that Suri lived at a Florida address in

---

[1] Typically, a defendant bears the burden of proving of establishing that removal is proper. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Here, however, intervenor Allstate argues on behalf of defendant Suri because Suri was not served at the time of removal.

[2] While not mentioned in Allstate's response, Charles served Suri with the summons for this matter in December of 2021, at that same Florida address. (ECF No. 67).

James C. Mahan
U.S. District Judge

- 3 -

October of 2020, it does not provide that Suri intended to live in Florida indefinitely or that Suri did not intend to return to Nevada. *See Kanter*, 265 F.3d at 857.

Even if Allstate has shown that Suri currently lives in Florida, none of this evidence proves, or even claims, that Suri was domiciled in Florida—and not Nevada—at the time Charles first filed this action. Given that Suri—who has appeared in this matter and disputed service of process (ECF No. 64)—has not joined Allstate's motion or otherwise informed this court as to where Suri is domiciled, ambiguity remains as to whether Suri is domiciled in Nevada or Florida.

In the Ninth Circuit, there is a "strong presumption against removal jurisdiction" which leads the court to resolve "all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)). Thus, for purposes of this motion, the court finds that Suri is domiciled in Nevada. Accordingly, unless Allstate shows that an exception to the standard rules regarding removal applies to this matter, removal was improper. *See* 28 U.S.C. 1447(c).

Allstate argues that even if Suri is domiciled in Nevada, removal was proper as a "snap" removal because Suri's diversity was not relevant until he was served, which he was not when Allstate removed this matter. (ECF No. 15 at 7). Charles argues that "snap" removals are improper and that Allstate's removal of this matter violated the forum defendant rule. (ECF No. 9 at 3–4). Notwithstanding the parties' arguments, this court need not—and does not—hold whether Allstate's snap removal was proper in this matter.

For matters removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d). Here, the complaint alleges that Suri is a Nevada resident. Despite having been served and appearing in this matter, Suri has not refuted that allegation. As discussed above, Allstate fails to show that Suri is not domiciled in Nevada. Therefore, the matter before the court appears to be a dispute primarily between two Nevadans.

Accordingly, this court either lacks subject matter jurisdiction now or never had it to begin with. Regardless, this matter must be remanded to state court. *See* 28 U.S.C. § 1447(c).

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Charles's motion to remand (ECF No. 9) be, and the same hereby is, GRANTED. All other pending motions are denied as moot.

IT IS FURTHER ORDERED that the matter of *Charles v. Suri et al.*, case number 2:21-cv-01712-JCM-NJK, be, and the same hereby is, REMANDED to the Eighth Judicial District Court in Clark County, Nevada.

DATED January 24, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**